UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00016-GNS-LLK

**WILLIAM CANDELARIA**                                                                                                   **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                                      **DEFENDANT**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the supplemental motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b), to which the Commissioner responded in opposition and Plaintiff replied. [Dockets Number ("DN") 35, 36, 41]. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.[1]

Previously, the Court remanded this matter to the Commissioner for a new decision and further administrative proceedings. [DN 22, 23]. This resulted in a Plaintiff-favorable decision by the Commissioner and entry by this Court of a Joint Stipulation/Agreed Order granting attorney fees pursuant to Section 406(b) in the amount of $17,437 to be paid from Plaintiff's past-due benefits. [DN 34]. The present motion seeks an additional $7,825 in fees pursuant to Section 406(b) to be paid from the past-due benefits of Plaintiff's auxiliary (children) beneficiaries. [DN 35].

The RECOMMENDATION will be that the Court DENY the motion for two reasons. First, the motion was not filed "within 30 days of a final favorable decision" by the Commissioner (following judicial

---

[1] On February 28, 2017, the Court administratively submitted the case to the undersigned, and on May 11, 2020, the Court submitted the motion to the undersigned. "Like the underlying appeal that generated the R&R recommending remand in this case, the [Section 406(b)] motion for attorney's fees is considered to be dispositive. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005); *see also Massey v. City of Ferndale*, 7 F.3d 506, 510-511 (6th Cir. 1993); Fed. R. Civ. P., Rule 54(d)(2)(D) (providing for the referral of attorney's fee motions to magistrate judges)." *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 841 (S.D. Ohio 2018); *see also Lasley v. Comm'r*, 771 F.3d 308 (6th Cir. 2014), the seminal Section 406(b) case discussed below, which came to the Sixth Circuit after the District Court adopted the Magistrate Judge's recommendation.

1

remand) as required by Joint Local Rule ("LR") 83.11(d).  Second, any additional Section 406(b) fee would constitute a windfall.

## The motion was untimely.

LR 83.11(d) provides that a Section 406(b) fee petition be filed "within 30 days of a final favorable decision for claimant."  This Court has explicitly rejected the suggestion that "the 'final favorable decision' language contained in LR 83.11(d) [be interpreted] to mean 'the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past due benefits to the primary and, if applicable, auxiliary beneficiaries.'"  *Robertson v. Comm'r*, No. 1:07CV-00064-JHM, 2011 WL 4737603, at *3 (W.D. Ky. Oct. 6, 2011).  Assuming for the sake of argument that Plaintiff's original Section 406(b) motion, which was filed on November 13, 2019, [DN 29], was timely, the present supplemental Section 406(b) motion, filed on April 10, 2020, [DN 35], was necessarily filed outside 30 days of the final favorable decision.

## Any additional Section 406(b) fee would constitute a windfall.

The Sixth Circuit described the analytic framework for determining an appropriate Section 406(b) fee in *Lasley v. Comm'r*, 771 F.3d 308 (6th Cir. 2014).  Lasley's counsel sought a Section 406(b) fee in the amount of $26,049.73 (the full 25 percent of withheld benefits based on 35.5 hours of court work).  *Id.* at 308.  The Commissioner argued that awarding counsel that much would constitute a "windfall."  *Id.* at 309.  The district court agreed with the Commissioner, reduced the fee to $12,780, the amount proposed by the Commissioner (35.5 hours x $360 per hour), and the Sixth Circuit affirmed.  *Id.*

*Lasley* indicates that the Court fulfills its duty to determine whether the requested fee would constitute a windfall by considering whether the hours expended were reasonably expended and whether the hourly rate sought is reasonable.  For the reasons below, the requested fee would constitute a windfall because counsel has already received a fee that is greater than the number of hours reasonably expended times the reasonable hourly rate.

Regarding the hours reasonably expended, Plaintiff's counsel submitted a log showing that Daley Disability Law, Chicago, Illinois, expended 57.12 hours on Plaintiff's behalf before this Court. [DN 35-4]. No additional hours were expended on behalf of the auxiliary beneficiaries. In other words, the supplemental motion implicitly requests an increased hourly rate for the hours already awarded.

"[T]he average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990). "A typical itemization of hours by attorneys in Social Security cases on this court's docket may range from 10 to as much as 40 hours or more, on complex cases." *Taylor v. Comm'r*, No. CIV.A. 05-287-GWU, 2008 WL 687208, at *1 (E.D. Ky. Mar. 11, 2008).

The winning arguments in this case were simple:

> The ALJ's written decision does not evaluate, weight, or even mention the [post-traumatic stress disorder] PTSD Questionnaire [prepared by Nurse Atkinson]. The regulations require that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). A remand is required for evaluation of the PTSD Questionnaire.
> …
> [T]reating psychiatrist Robert S. Howard completed the standard mental assessment form, opining that Plaintiff's PTSD renders him markedly and severely limited in 21 of 21 functional areas deemed relevant to the ability to work. … [T]he ALJ gave "little weight" to Dr. Howard's findings because … [t]hey are "too extreme" in relation to the clinical findings of record. … In light of Nurse Atkinson's findings, which the ALJ did not consider, Dr. Howard's findings were not necessarily "too extreme" in relation to the clinical findings of record. A remand is required for reevaluation of Dr. Howard's opinion in light of Nurse Atkinson's findings.

[DN 21 at 1, 4-6]. Because this case was simple and not "complex," 2008 WL 687208, at *1, at most, 40 hours were reasonably expended to articulate the winning arguments.

Regarding the reasonable hourly rate, *Lasley* held that $360 per hour was "per se reasonable" because it was not more than "twice the standard rate" of $180 per hour, applicable to Section 406(b) fee requests in the Southern District of Ohio. *Lasley v. Comm'r*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting *Hayes v. Sec'y*, 923 F.2d 418, 422 (6th Cir. 1991)).

Magistrate Judge Brennenstuhl recently conducted a survey of relevant caselaw and determined that the standard rate in the Western District of Kentucky is $140 per hour. *Carter v. Comm'r*, No. 4:15-

3

CV-00058-HBB, 2019 WL 4169895, at *6 (W.D. Ky. Sept. 3, 2019). In this case, therefore, a fee of $11,200 (40 hours x $280 per hour) would be per se reasonable. However, a "hypothetical hourly rate that is equal to or greater than twice the standard rate may [also] well be reasonable." *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 422).

56.37 of the 57.12 hours expended in this case were expended by paralegals or relatively new associates of Daley Disability Law, with five or fewer years of experience with Daley or otherwise representing clients appealing the Commissioner's unfavorable determinations. [DN 35-3, 35-4].

In *Kishbaugh v. Comm'r*, this Court recently determined an appropriate billing rate for a relatively new associate of an established disability law firm in the Western District of Kentucky. *Kishbaugh v. Comm'r*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019). The associate had "five years of experience representing clients appealing the Commissioner's unfavorable determinations on their disability claims." *Id.* at *6. This Court determined that a billing rate of "$420.00 per hour ... represent[s] the maximum fee that would not constitute a windfall under the present circumstances." *Id.* Under the circumstances, $420 per hour represents the maximum billing rate that would not constitute a windfall to the Daley paralegals and associates.

The remaining .75 hours were expended by Mr. Daley personally. [DN 35-4]. The Court finds that these .75 hours were reasonably expended and compensable at a rate of $500 per hour. *See Keith v. Comm'r*, No. 5:16-CV-00103-LLK, 2020 WL 1991414, at *1 (W.D. Ky. Apr. 27, 2020) (approving a rate of $500 per hour for "one of the most experienced attorneys representing Social Security plaintiffs in the Western District of Kentucky").

As stated above, the determination of whether the requested fee would constitute a windfall is based on the number of hours reasonably expended and the reasonable hourly rate. At most, counsel reasonably expended 40 hours to articulate the winning arguments, and $420 per hour represents the maximum billing rate that would not constitute a windfall. This means that a fee of $16,800 (40 hours x

4

$420) would not constitute a windfall. Mr. Daley's .75 hours were reasonably expended and compensable at a rate of $500 per hour, resulting in an additional fee of $375 (.75 hours x $500) and a total non-windfall fee of $17,175 ($16,800 plus $375).

Because counsel has already received a fee of $17,437 [DN 34], any additional Section 406(b) fee would constitute a windfall.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY the supplemental motion of Plaintiff's counsel for attorney fees pursuant to 42 U.S.C. § 406(b) [DN 35].

June 10, 2020

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

June 10, 2020

Lanny King, Magistrate Judge
United States District Court