UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00016-GNS-LLK

WILLIAM CANDELARIA                                                    PLAINTIFF

v.

COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection (DN 43) to the Magistrate Judge's

Findings of Fact, Conclusions of Law, and Recommendation ("R&R") (DN 42) on Plaintiff's

Supplemental Motion for Attorneys' Fees (DN 35).  This matter is now ripe for adjudication.  For

the reasons that follow, Plaintiff's Objection is **OVERRULED,** the Magistrate Judge's R&R is

**ADOPTED**, and Plaintiff's motion is **DENIED**.

## I.      BACKGROUND

On February 8, 2017, Plaintiff William Candelaria ("Candelaria") initiated this action to

seek judicial review of the decision of Defendant Commissioner of Social Security

("Commissioner"),[1] who denied his claim for Social Security disability benefits.  (Compl. ¶ 1, DN

1).  Upon review, the Magistrate Judge recommended that this matter be remanded back to the

Commissioner for a new decision because the Commissioner initially failed to account for

evidence that Candelaria suffered from post-traumatic stress disorder.  (R&R 1, DN 21).  When

neither party objected, the undersigned adopted the R&R in full and issued a judgment in favor of

Candelaria.  (Order 1, DN 22; J. 1, DN 23).  Candelaria then moved, pursuant to 42 U.S.C. § 406(b)

for an award of attorneys' fees in the amount of $17,437.00, which represented 25% of the

---

[1] At the time, the acting Commissioner of Social Security was Nancy A. Berryhill.  She has since
been replaced by Commissioner Andrew Saul.

$69,748.00 awarded as past-due benefits. (Pl.'s Mot. Att'ys' Fees 1, DN 29). Commissioner did not oppose this award amount, so the Court issued an Agreed Order granting Candelaria's request. (Def.'s Resp. Pl.'s Mot. Att'ys' Fees 2, DN 33; Agreed Order 1, DN 34).

The present dispute arose when, on April 10, 2020, Candelaria filed a supplemental motion for attorneys' fees—requesting $7,825.00, which represents 25% of the $28,330.00 subsequently awarded as past-due auxiliary benefits. (Pl.'s Suppl. Mot. Att'ys' Fees 2, DN 35). This time, however, Commissioner objected to the fee award and argued that a reasonable fee would award Candelaria's counsel only an additional $1,536.50. (Def.'s Resp. Pl.'s Suppl. Mot. Att'ys' Fees 2, DN 36).[2] Candelaria replied. (Pl.'s Reply Suppl. Mot. Att'ys' Fees, DN 41). Ultimately, the Magistrate Judge recommended that the Court deny the supplemental motion in its entirety. (R&R 5, DN 42). Candelaria objected and requested a slightly reduced award of $7,082.50. (Pl.'s Obj. R&R 13, DN 43). Commissioner responded in opposition but again argued that an appropriate additional award is $1,536.50. (Def.'s Resp. Pl.'s Obj. R&R 8, DN 46).

## II.    STANDARD OF REVIEW

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721,

---

[2] Because the fee awards are to be paid out from past-due benefits of Candelaria or his beneficiaries rather than agency funds, Commissioner characterizes herself as playing a trustee-like role with regards to attorneys' fees. (Def.'s Resp. Pl.'s Suppl. Mot. Att'ys' Fees 1-2).

725 (6th Cir. 2006)).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1)).

### III.   **DISCUSSION**

The R&R recommends denying Candelaria's supplemental request for attorneys' fees as untimely[3] and as a "windfall" for Candelaria's attorneys.  (R&R 2-5).

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a [social security] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  In the seminal case on this issue, the Supreme Court held that 42 U.S.C. § 406 allows for contingency fee arrangements, so long as the agreement does not produce fees in excess of the 25% threshold.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 799-800, 805 (2002).  Moreover, Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id.* at 807.  Ultimately, the burden is on "the attorney for the successful claimant [to] show that the fee sought is reasonable for the services rendered."  *Id.*

Precedent in the Sixth Circuit "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap."  *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)).

---

[3] The timeliness issue was not raised in the parties' initial briefing and was only considered fleetingly by the Magistrate Judge.  *See* (R&R 2).  Both Candelaria and Commissioner now agree that the petition for fees was timely.  This Court will accept the agreement of the parties regarding timeliness and will proceed to the merits of the attorney's fees request.

This presumption was modified in *Hayes*, which set a "'floor' for court review of contingency fees: 'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 422). Based on this language, the Sixth Circuit in *Lasley* clarified the approach for a district court to take when awarding attorney's fees. First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorneys' fees. *Id*. at 310. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." *Id*. The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third, the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." *Id*. Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable. *Id*. (citing *Gisbrecht*, 535 U.S. at 807).

The Magistrate Judge here roughly followed this framework. First, Candelaria argues that he is entitled to $7,082.50, which is 25% of the $28,330.00 awarded as past-due auxiliary benefits.[4] (Def.'s Resp. Pl.'s Suppl. Mot. Att'ys' Fees 3; Pl.'s Reply Suppl. Mot. Att'ys' Fees 1). Together with the $17,437.00 that he was already awarded, Candelaria's total award of attorney's fees under the contingency fee agreement would be $24,519.50. This amount represents the highest attorney fees award permissible under the 25% cap of 42 U.S.C. § 406(b).

---

[4] While there was some initial disagreement about the correct calculation of past-due auxiliary benefits, the parties agreed on $28,330.00. (Def.'s Resp. Pl.'s Suppl. Mot. Att'ys' Fees 3; Pl.'s Reply Suppl. Mot. Att'ys' Fees 1).

Second, with regard to the effective hourly rate, Candelaria reported that counsel spent a total of 57.12 hours on this case.  (R&R 3; Pl.'s Suppl. Mot. Att'ys' Fees Ex. D, at 2, DN 35-4). As such, based on $24,519.50 divided by 57.12 hours, the hypothetical hourly rate for this case would be $429.26 per hour.  As noted, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, while an even greater award can be reasonable.  The Magistrate Judge calculated the "standard rate" for the Western District of Kentucky as $140,[5] meaning that anything less than $280 per hour would be *per se* reasonable.  (R&R 3).  Of course, a higher fee "may well be reasonable."  *Hayes*, 923 F.2d at 422.  The Magistrate Judge then considered the experience of the attorneys who worked on this case and determined that a rate of $420 per hour for new associates and $500 per hour for experienced attorneys would not constitute an impermissible "windfall" when compared with twice the standard rate.  (R&R 4).  Specifically, 48.4 hours were by reported by Caroline Young ("Young"), who is a relatively new social security attorney, while only 0.75 hours were reported by Frederick Daley ("Daley"), a social security attorney with decades of experience.  (R&R 4; Pl.'s Suppl. Mot. Att'ys' Fees Ex. C, at 1-2, 6-7, DN 35-3). Candelaria objects that Young actually had 12 years of experience as an attorney at the time of briefing and should therefore be compensated at a higher rate.  (Pl.'s Obj. R&R 9).  Only one of those years, however, was focused on social security law at the time of briefing.  (Pl.'s Suppl. Mot. Att'ys' Fees Ex. C, at 6-7).[6]  Young's compensation of $420 per hour is on the higher end for an attorney with only one year of experience in this specialized area of the law.  *See Kishbaugh v.*

---

[5] This determination was based on the Magistrate Judge's adoption of the thorough analysis utilized in *Carter v. Saul*, No. 4:15-CV-00058-HBB, 2019 WL 4169895 (W.D. Ky. Sept. 3, 2019).  In *Carter*, the Magistrate Judge found that $140 was an appropriate standard rate for social security cases in Owensboro, Kentucky.  *Id*. at *6.

[6] Young's resume notes that she joined Daley Disability Law, P.C. in August 2016 and that the memorandum in support of Candelaria's appeal was filed in July 2017.  (Pl.'s Suppl. Mot. Att'ys' Fees Ex. C, at 6-7).

*Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163, at *6 (W.D. Ky. July 31, 2019) (accepting an attorneys' fee award translating to $420 an hour for "counsel [who] has five years of experience representing clients appealing the Commissioner's unfavorable determinations on their disability claims.").

Third, the Magistrate Judge permissibly considered other factors.  As noted, the Sixth Circuit has expressly condoned a court's consideration of the "relative simplicity" of the representation.  *Lasley*, 771 F.3d at 310.  The Magistrate Judge concluded that the "winning arguments in this case were simple," such that anything more than 40 hours was overstated.  (R&R 3).  Young's limited experience in social security law could account for why 57.2 hours were billed on this case.  Candelaria contends that the Magistrate Judge's characterization of this case as simple was flawed because the case actually involved multiple, detailed arguments about an over-2000-page record.  (Pl.'s Obj. R&R 5-8).  The problem with this argument, however, is that the Magistrate Judge was uniquely aware of this information when he made his recommendation. After all, he was the one that recommended the underlying favorable disposition for Candelaria in the first place.  *See* (R&R, DN 21).  Moreover, Candelaria's case citations do not persuasively demonstrate that this case was sufficiently complex to justify more than 40 hours of work.  For instance, Candelaria relies on *Lockridge v. Astrue*, No. 04-499-JBC, 2009 WL 127668 (E.D. Ky. Jan. 16, 2009), but it only took the attorney in *Lockridge* 23.5 hours to review an 898-page administrative record and secure a victory for his client.  *Id*. at *2; *see also Taylor v. Astrue*, No. 05-287-GWU, 2008 WL 687208, at *1 (E.D. Ky. Mar. 11, 2008) ("A typical itemization of hours by attorneys in Social Security cases on this court's docket may range from 10 to as much as 40 hours or more, on complex cases.").

While not specifically relied on by the Magistrate Judge, Commissioner's opposition to the additional fee award is also a relevant factor for the court to consider. *Lasley*, 771 F.3d at 309. As noted, Commissioner did not object to the initial award for $17,437.00 but continues to object to most of the supplemental award request. (Def.'s Resp. Pl.'s Obj. R&R 8). This factor therefore additionally cautions against a full award of attorneys' fees in the present matter.

The fourth and final step requires a district court to exercise discretion when determining a reasonable fee amount. The Magistrate Judge did just that. Based on his analysis as accepted by this Court, this case should have taken roughly 40 hours. When these 40 hours are then billed at the reasonable rates decided on by the Magistrate Judge, a total fee award of $17,125.00 is appropriate—($420 x 40 = $16,800.00 for Young's work) + (0.75 x 500 = $375 for Daley's work) = ($16,800.00 + $375 = $17,125.00). (R&R 4-5).[7] As such, because counsel for Candelaria were already awarded fees totaling $17,437.00, they are not entitled to additional fees. Another way of thinking about this calculation is if the Court awarded the total requested fees of $24,519.50 and accepted the Magistrate Judge's conclusion that an experienced attorney would have only needed 40 hours to litigate this case, then Young's effective rate would be $612.98 an hour ($24,519.50 ÷ 40)—an amount more than four times the standard rate in this region.

Finally, Candelaria's objection generally takes issue with the emphasis that the Magistrate Judge and other courts have placed on the lodestar analysis when assessing the reasonableness of contingency-based attorneys' fees. (Pl.'s Obj. R&R 5). This point is well-taken but ultimately unavailing. After all, the Supreme Court in *Gisbrecht* expressly approved the use of contingency fee arrangements in social security cases and cautioned that the number of hours spent on a case

---

[7] Under this analysis, the Magistrate Judge attributed 40 hours to Young and other new associates and 0.75 hours to Daley, for a total of 40.75 hours reasonably spent on this case.

should not serve "as basis for satellite litigation." *Gisbrecht*, 535 U.S. at 808.  At the same time, the Supreme Court charged this Court and others with assessing the reasonableness of contingency fee awards.  *Id*. at 809.  In practice, one of the only ways for the Court to do so is by scrutinizing either the number of hours billed or the hypothetical rate at which they are billed—an analysis that admittedly is akin to a lodestar analysis.  Regardless, assessing the reasonableness of the fees requested under the contingency agreement is exactly what the Magistrate Judge has done here. He analyzed the case that he presided over and determined that it should not have taken Candelaria's counsel 57.12 hours to litigate.  Given the Magistrate Judge's extensive involvement in this case from beginning to end, no purpose would be served by replacing the Magistrate Judge's discretionary determination with another.  As such, this Court will adopt the Magistrate Judge's well-reasoned recommendation.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.   The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 42) are **ADOPTED** as and for the opinion of this Court.

2.   Plaintiff's Objection (DN 43) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 35) is **OVERRULED**.

3.   Plaintiff's Supplemental Motion for Attorneys' Fees (DN 35) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

August 13, 2020

cc:   counsel of record